<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

DANIEL HEATH,

             Petitioner,

v.

WARDEN STEVIE KNIGHT,

             Respondent.
_____

Civ. No. 22-7270 (RMB)

**OPINION**

**BUMB, Chief United States District Judge**

Petitioner Daniel Heath, a federal inmate at FCI Fort Dix, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends the Federal Bureau of Prisons ("BOP") regulation governing the date upon which the First Step Act ("FSA") allows prisoners to start earning FSA time credits, 28 C.F.R. § 523.42(a), conflicts with 18 U.S.C. § 3585(a), which defines when a sentence "commences." The Court will determine the petition on the briefs, without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons below, the Court finds the regulation conflicts with the statute and is invalid. Accordingly, the petition will be granted, and BOP will be directed to recalculate Petitioner's FSA time credits beginning on August 13, 2020, the date he was taken into custody and awaiting transportation to his designated BOP facility.

## I. BACKGROUND

On August 13, 2020, Petitioner was sentenced in the Eastern District of Texas to 135 months of imprisonment, followed by a five-year term of supervised release. ECF No. 7-1 at 8. He is scheduled to be released on December 7, 2027.[1]

Petitioner argues 28 C.F.R. § 523.42(a) is invalid because it conflicts with 18 U.S.C. § 3585(a). The regulation states: "[a]n eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served)." § 523.42(a).  The sentencing computation statute provides: "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).[2] ECF No. 1 at 6–10. Thus, Petitioner contends, pursuant to 18 U.S.C. § 3632(d)(4), time credits, he was eligible to begin earning FSA time credits on August 13, 2020, the date he was sentenced in the Eastern District of Texas and remanded to BOP custody,[3] and

---

[1] *See* https://www.bop.gov/inmateloc/ (search "Daniel Franklin Heath"; last visited June 24, 2024).

[2] Section 3585(a) is incorporated by reference into 18 U.S.C. § 3632(d)(4), which provides that "[a] prisoner may not earn time credits . . . for an evidence-based recidivism reduction program that the prisoner successfully completed . . . during official detention prior to the date that the prisoner's sentence commences under section 3585(a)."

[3] *See* ECF No. 1 at 7 ("On August 13, 2020, the Honorable Judge Jordan of the Federal District Court in the Eastern District of Texas sentenced [Petitioner] to 135 months of imprisonment and immediately remanded him to the custody of the BOP.").

2

not seven months later, on March 15, 2021, the date he arrived at Fort Dix.[4]

Petitioner spent seven months preceding his arrival at Fort Dix "in various county jails and BOP facilities doing as many Productive Activities as he possibly could" (ECF No. 1 at 5). Therefore, he asserts the Court should "rule that the BOP must begin his [FSA time credit] calculations on August 13, 2020—the day he was received in custody awaiting transportation to the official detention facility at which the sentence is to be served" ECF No. 1 at 11 (cleaned up).

Respondent contends the Court should dismiss or deny the petition because (1) Petitioner failed to exhaust administrative remedies; (2) the Court does not have jurisdiction (a) where BOP has discretion to apply FSA time credits to prerelease custody or supervised release, (b) FSA time credits are not like good time, and (c) Petitioner "does not have a liberty interest in earned time credit opportunities"; (3) Petitioner did not successfully participate in FSA classes before he arrived at his designated facility; and (4) the BOP's interpretation that an inmate must be in BOP custody to earn time credits is reasonable. ECF No. 6.

In a May 2023 letter, ECF No. 8, Petitioner advised the Court of the decision in *Yufenyuy v. Warden, FCI Berlin*, 659 F. Supp. 3d 213, 214 (D.N.H. 2023). In *Yufenyuy*, the court held BOP's interpretation of when a sentence commences in 28 C.F.R. § 523.42(a) is not entitled to deference because it contravenes the plain language of the FSA, 18 U.S.C. § 3632(d)(4)(B)(ii). *Yufenyuy*, 659 F. Supp. 3d at 218. The court granted the

---

[4] *See* ECF No. 1 at 5 ("[Petitioner] arrived at Fort Dix, his designated facility, on March 15, 2021, and he is currently serving his sentence there.").

habeas petition, and the petitioner was released upon agreement of the parties. *Yufenyuy*, 659 F. Supp. 3d at 218.

Respondent disagrees with *Yufenyuy* because (1) "the court failed to address the threshold issue of whether it had jurisdiction under 28 U.S.C. § 2241 to consider the inmate's eligibility to earn time credits prior to entering BOP custody"; and (2) "the *Yufenyuy* court overlooked the fact-bound prerequisites to earning credits under the FSA." Further, "the FCI Berlin Warden apparently waived an exhaustion defense, which Respondent is not waiving here." ECF No. 11.

In a letter filed in January 2024, Petitioner cited four additional cases where courts found the BOP regulation invalid. ECF No. 13 (citing *Umejesi v. Warden*, No. 22-251, 2023 WL 4101471 (D.N.H. Mar. 16, 2023), *report and recommendation approved sub nom. Umejesi v. Warden, FCI Berlin*, 2023 WL 4101455 (D.N.H. Mar. 30, 2023); *Komando v. Warden*, No. 22-425, 2023 WL 4101540 (D.N.H. Mar. 16, 2023), *report and recommendation approved sub nom. Komando v. FCI Berlin, Warden*, 2023 WL 4101457 (D.N.H. Apr. 23, 2023); *Huihui v. Derr*, No. 22-541, 2023 WL 4086073 (D. Haw. June 20, 2023); and *Patel v. Barron*, No. 23-937, 2023 WL 6311281 (W.D. Wash. Sept. 28, 2023)).

In February 2023, the Court appointed counsel for Petitioner and ordered the parties to file supplemental briefing on the issue of exhaustion. ECF No. 14 at 2. The Court advised that if it found reason to excuse exhaustion, the parties would be directed to provide supplemental briefing and/or appear at oral argument to address: (1) whether

4

*Chevron*[5] deference should be afforded to BOP's implementation of FSA credits in 28 C.F.R. § 523.42(a); (2) if the Court finds 28 C.F.R. § 523.42(a) invalid, what is the appropriate remedy; and (3) any other facts or arguments the parties would like the Court to consider. ECF No. 14 at 1–2.

In June 2024, Petitioner raised the following issues in a supplemental brief: (1) exhaustion is excused because Petitioner's claim involves an issue of statutory construction (ECF No. 19 at 9); (2) the BOP regulations "are at odds with the legislative intent of the FSA and, as such, are in violation of *Chevron*" ECF No. 19 at 11; and (3) BOP improperly denied Petitioner earned FSA time credits between August 13, 2020 and March 15, 2021 (*id.*).

Respondent countered that the Court should not reach the merits of the petition because Petitioner failed to exhaust administrative remedies. ECF No. 20. Petitioner filed a reply brief on July 24, 2024, to advise the Court of the Supreme Court's overruling of *Chevron*[6] in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2272 (2024). Oral argument is no longer necessary to address *Chevron*'s scheme of statutory construction.

## II. DISCUSSION

### A. Exhaustion

A federal inmate ordinarily must exhaust administrative remedies before seeking habeas relief under 28 U.S.C. § 2241. *Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). The judicially imposed

---

[5] *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 839 (1984).

exhaustion requirement: (1) facilitates judicial review by allowing the appropriate agency to develop a factual record and apply its expertise; (2) conserves judicial resources by permitting agencies to grant the relief requested; and (3) fosters administrative autonomy by providing agencies the opportunity to correct their own errors. *Moscato*, 98 F.3d at 761-62 (citations omitted). Failure to exhaust administrative remedies "may be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served." *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010) (citations omitted).

Petitioner concedes he did not exhaust administrative remedies. ECF No. 1 at 5. Exhaustion would have been futile, he submits, because he raises an issue of statutory construction. ECF No. 19 at 9. Respondent contends this argument is "misplaced" because "[t]he issue before this Court is whether Heath can earn time credits without establishing that he successfully participated in First Step Act evidence-based recidivism reduction programs or productive activities." ECF No. 6 at 14–15.

Respondent's argument, however, addresses whether there is a remedy available, not whether Petitioner has raised an issue of statutory interpretation. *Woodall v. Fed. Bureau of Prisons* is instructive on this issue. 432 F.3d 235 (3d Cir. 2005). There, the Third Circuit affirmed a district court's decision to excuse exhaustion when the petitioner challenged the validity of a BOP regulation, not its application. *Id.* at 239 n.2. Here, Petitioner is arguing that the BOP regulation at issue is invalid because it conflicts with the FSA's definition of when a prisoner's sentence commences. Petitioner is thus challenging the validity of § 523.42(a), not its application to him. As in *Woodall*, the Court finds that "the purposes of exhaustion would not be served here by requiring

6

[Petitioner] to exhaust his administrative remedies." *Woodall*, 432 F.3d 235, 239 n.2; *see also Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) ("exhaustion is not required with regard to claims which turn only on statutory construction"); *Hare v. Ortiz*, No. 20-14093, 2021 WL 3911280, at *3 (D.N.J. Feb. 4, 2021) (noting that if a case "presents a dispute of statutory construction" it is "exempt from the exhaustion requirement"). Exhaustion is therefore excused.[7]

### B. FSA and BOP Regulations

Pursuant to the FSA, BOP (1) implemented a "risk and needs assessment" system to evaluate federal inmates' recidivism risk and (2) established evidence-based recidivism reduction ("EBRR") programs. 18 U.S.C. § 3632(a)–(b). Inmates are assigned to EBRR programs and productive activities based on their individualized risk and needs assessment. 18 U.S.C. § 3632(a)(3); 28 C.F.R. § 523.40(b); *see also Hare v. Ortiz*, No. 20-14093, 2021 WL 391280, at *7 (D.N.J. Feb. 4, 2021) (The FSA "requires the BOP to determine the type and amount of EBRR programming that is appropriate for each prisoner based on their specific criminogenic needs, to assign each prisoner to such

---

[7] *See also, e.g., Jobin v. Warden, FCI-Mendota*, No. 23-1700, 2024 WL 1367902, at *3 (E.D. Cal. Apr. 1, 2024) ("The Court finds that the administrative remedies process is not efficacious in this case and further pursuit would be futile because, as discussed below, Respondent is mistaken regarding when Petitioner can begin earning credits under 18 U.S.C. §§ 3585(d)(4)(B) and 3632(a)."), *report and recommendation adopted*, 2024 WL 2786898 (E.D. Cal. May 30, 2024); *Huihui v. Derr*, No. 22-541, 2023 WL 4086073, at *3 (D. Haw. June 20, 2023) ("The Court concludes that the administrative remedies process is not efficacious in this case and further pursuit would be a futile gesture because, as discussed in more detail later in this Order, the Court concludes there is an error in Respondent's understanding of when Petitioner can begin earning credits under 18 U.S.C. §§ 3585(d)(4)(B) and 3632(a).").

programming, and to reassess and reassign each prisoner periodically.")

The FSA also established incentives for prisoners to participate in anti-recidivism programming, including the potential for "time credits" to "be applied toward time in prerelease custody or supervised release" upon eligible prisoners' successful completion of anti-recidivism programming. 18 U.S.C. § 3632(d)(4)(C). Eligible inmates receive 10 days of FSA time credits for every 30 days of anti-recidivism programming they successfully complete. 18 U.S.C. § 3632(d)(4)(A)(i). If BOP determines that an inmate is at a "minimum" or "low" risk of recidivating, and the inmate has not increased his risk of recidivism over two consecutive risk assessments, then he earns an additional 5 days of time credits for every 30 days of successfully completed programming. 18 U.S.C. § 3632(d)(4)(A)(ii).

The FSA prohibits inmates from earning credits under certain circumstances. As relevant here, an inmate may not earn credits "during official detention prior to the date the prisoner's sentence commences under [18 U.S.C. §] 3585(a)." 18 U.S.C. § 3632(d)(4)(B)(ii). Section 3585(a) provides that "[a] sentence to a term of imprisonment *commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served*." 18 U.S.C. § 3585(a) (emphasis added).

Pursuant to BOP regulations "[a]n eligible inmate begins earning FSA time credits after *the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served*)" 28 C.F.R. § 523.42(a) (emphasis added), and an inmate must be "successfully participating" in

8

designated programming to earn FSA credits. 28 C.F.R. § 523.41(c)(1), (2) ("'Successful participation' requires a determination by Bureau staff that an eligible inmate has participated in the EBRR programs or PAs that the Bureau has recommended based on the inmate's individualized risk and needs assessment, and has complied with the requirements of each particular EBRR Program or PA.").

**C. Analysis**

Petitioner argues 28 C.F.R. § 523.42(a) is invalid because it conflicts with 18 U.S.C. § 3585(a). ECF No. 1 at 6–10. Based on traditional tools of statutory construction, the Court agrees.

On June 28, 2024, the Supreme Court overruled *Chevron*, and courts are no longer required to give deference to agency interpretations of ambiguous statutory text. *Loper Bright Enterprises*, 1440 S. Ct. 2244. The Court explained, "[c]ourts interpret statutes, no matter the context, based on the traditional tools of statutory construction." *Id.* at 2268. "Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA[8] requires." *Id.* at 2273. "It is the cardinal canon of statutory interpretation that a court must begin with the statutory language." *In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 304 (3d Cir. 2010), as amended (May 7, 2010). Under this canon, when the words of the statute are unambiguous, judicial inquiry is complete. *Id.*

---

[8] Administrative Procedures Act, 5 U.S.C. § 706.

9

Congress has unambiguously defined "commence" in the context of federal prison sentences. Section 3585(a) provides that "[a] sentence . . . commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Further, § 3632(d)(4)(B), by its reference to § 3585(a), unambiguously provides that "the date the defendant is received in custody awaiting transportation to" his designated BOP facility is the date his "sentence to a term of imprisonment commences" for purposes of determining whether he can begin to earn FSA time credits.[9] Applying the plain meaning of the statute here, Petitioner's sentence commenced on August 13, 2020, the date he was taken into custody and awaiting transportation to his designated BOP facility.

Under BOP's interpretation in 28 C.F.R. § 523.42(a), a prisoner may begin earning FSA time credits on the date the prisoner arrives at the designated BOP facility where he will serve his sentence. This conflicts with the plain meaning of the statute. Here, the difference between when Petitioner was received in BOP custody and awaiting transportation and when he arrived at the designated BOP facility to serve his sentence was seven months. Because the regulation does not allow a prisoner to earn FSA time credit for the time spent "awaiting transportation" during those seven months, the Court

---

[9] 18 U.S.C. §§ 3632(d)(4)(B) provides:

    A prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed-
        (i) prior to the date of enactment of this subchapter; or
        (ii) during official detention prior to the date that the prisoner's sentence commences under section 3585(a).

10

finds the regulation contravenes the plain language of the FSA and is therefore invalid.[10] Oral argument is unnecessary for determination of the petition.

Accordingly, Respondent will be directed to recalculate Petitioner's FSA time credits to include any credit earned beginning August 13, 2020, the date Petitioner was sentenced and committed to BOP custody.

---

[10] Many district courts, all in other circuits, have accepted the argument advanced by Petitioner and found 28 C.F.R. § 523.42(a) invalid. The Court has not found, and Respondent has not cited, any case ruling in its favor on this issue. *See Jackson v. Doerer,* No. 5:24-01353-ADS, 2024 WL 4719489, at *8 (C.D. Cal. Nov. 7, 2024); *See Anderson v. FPC Yankton*, No. 4:23-CV-04136-ECS, 2024 WL 4993680, at *2 (D.S.D. Nov. 26, 2024) (collecting cases but not ruling until jurisdiction was resolved); *Harper v. Warden of FCI Waseca*, No. 23-CV-2502, 2024 WL 3164981, at *4 (D. Minn. May 28, 2024); *Borker v. Bowers*, No. 24-10045, 2024 WL 2186742, at *2–3 (D. Mass. May 15, 2024); *Jobin v. Warden, FCI-Mendota*, No. 23-1700, 2024 WL 1367902, at *3 (E.D. Cal. Apr. 1, 2024), *report and recommendation adopted*, 2024 WL 2786898 (E.D. Cal. May 30, 2024); *Patel v. Barron*, No. 23-937, 2023 WL 6311281 (W.D. Wash. Sept. 28, 2023); *Huihui v. Derr*, No. 22-541, 2023 WL 4086073 (D. Haw. June 20, 2023); *Umejesi v. Warden*, No. 22-251, 2023 WL 4101471 (D.N.H. Mar. 16, 2023), *report and recommendation approved sub nom. Umejesi v. Warden, FCI Berlin*, 2023 WL 4101455 (D.N.H. Mar. 30, 2023); *Komando v. Warden*, No. 22-425, 2023 WL 4101540 (D.N.H. Mar. 16, 2023), *report and recommendation approved sub nom. Komando v. FCI Berlin, Warden*, 2023 WL 4101457 (D.N.H. Apr. 23, 2023); *Yufenyuy v. Warden, FCI Berlin*, 659 F. Supp. 3d 213, 214 (D.N.H. March 7, 2023).

## III.  CONCLUSION

For the foregoing reasons, Petitioner's habeas petition (ECF No. 1) is granted to the extent that BOP will be directed to recalculate Petitioner's FSA time credits to include any credit earned beginning on August 13, 2020.

An appropriate order follows.

DATED:  December 23,  2024

                                                     s/Renee Marie Bumb
                                                   RENÉE MARIE BUMB
                                                   Chief United States District Judge